UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-10553-PA-SHK | Date: | June 27, 2024 |
| Title: | *Terri L. Baker v. Louis Dejoy* | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   ORDER TO SHOW CAUSE RE: IMPROPER SERVICE**

The operative complaint in this matter is Plaintiff Terri L. Baker's ("Plaintiff") First Amended Complaint ("FAC") filed on March 11, 2024.  Electronic Case Filing Number ("ECF No.") 10, FAC.  On March 14, 2024, the Clerk issued the 60-day summons ("Summons") for Defendants Louis Dejoy, Misty Berry, Joseph Edwards, Linda Johnson and Sharon West ("Defendants"), all of whom are employees at the United States Post Office ("USPS").  ECF Nos. 11-15, Summons.

On March 27, 2024, Plaintiff filed Proof of Services ("POS") for 4 out of the 5 Defendants.  ECF Nos. 17-20, POS.  To date, Plaintiff has not filed a POS for Defendant Louis Dejoy; therefore, it is unknown whether service has been effectuated on Defendant Louis Dejoy.

Moreover, under Federal Rule of Civil Procedure ("Rule") 4(i)(2), an employee of the United States sued in their official capacity must be served by serving the United States and sending a copy of the summons and complaint by registered or certified mail to the employee. Fed. R. Civ. P. 4(i)(2).  United States employees sued in their individual capacities must be served by serving the United States and the employee under Rule 4(e), (f), or (g).  Fed. R. Civ. P. 4(i)(3).  In turn, the United States may be served either by service on the United States Attorney's Office ("USAO") or the Attorney General of the United States ("USAG").  Fed. R. Civ. P. 4(i)(1)(A)-(B).

Although, service was accepted by a supervisor Jane Doe at the Regional USPS in Long Beach, Legal Department for the employees, see e.g. ECF No. 17, it appears Plaintiff failed to

serve the United States because he does not attach any proof that he either delivered the Summons and FAC to the USAO or mailed the same by registered or certified mail to the USAO or USAG. Therefore, service has not been properly effectuated on any of Defendants.

Accordingly, on or before **July 24, 2024**, Plaintiff is ORDERED TO SHOW CAUSE in writing why the FAC should not be dismissed without prejudice for failure to prosecute; or failure to file a POS demonstrating proper service of the summons and FAC on all Defendants as required by Federal Rules of Civil Procedure.

Plaintiff is reminded that Fed. R. Civ. P. 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiff is cautioned that failure to file proper POS or other response to this Order to Show Cause **will** result in the Magistrate recommending that the case be dismissed for failure to prosecute and/or lack of personal jurisdiction due to improper service.

**IT IS SO ORDERED.**